The last case for argument today is number 22-123, Phillips v. Long Island Railroad Company. Mr. Rosenberg. Your honors, may it please the court, Jonathan Rosenberg here for the appellant, the plaintiff down below in the lower court, Mr. Dominique Phillips, formerly pro se. At the outset, if I may just say, we are withdrawing here respectfully claims against the Eastern District of New York because those claims against that court are barred by sovereign immunity, in our view. And we are also withdrawing claims as to judicial bias. I don't think that's supported in the record, though I have sympathy for my client's position. That being said, I think in this case, we need only ask for relief as to the lower court's decision to make a sua sponte ruling that the defendant was clatterly estopped, and this is more applying not to my colleague across the aisle here, but to the Workers Union and the United Transportation Union, excuse me, the party that in fact there was really no litigation against in a prior suit. The standard applied for a sua sponte finding of clatteral estoppel, as this court's aware, is nonexistent and should not become a part of our law where it offends due process, obviously. Now, the finding of the lower court was because there was a same nucleus of operative fact in Phillips 1, the prior suit here, the standard, that was the standard they came up with, by the way, which is not supported by any Second Circuit. Counsel, was any notice given before the sua sponte dismissal? I don't recall any notice. Notice to the plaintiff? Notice to your client that this would be dismissed unless he had more to say. I think meaning from the court. From the court. From the district court. I think the answer is no. I don't recall any notice, Your Honor. Are you suggesting that had notice been given and you had been there, there might have been some arguments that you could have made? Certainly notice would have been a fundamental due process issue here. And I think that goes to the argument that not even the abuse of discretion, there was no standard in which the court could rely on to say we don't get to move forward because there was litigation in the past when there was actually no litigation as to this particular part. I have another question. Opposing counsel says that there was no jurisdiction because there was no diversity. Now, if there was no jurisdiction because there was no diversity, then the decision below should have been without prejudice. Because when you dismiss something without jurisdiction, then it should be without prejudice. But this was with prejudice. So what's going on here? I believe the railroad is the one arguing the jurisdictional issue. I think the transportation workers union, they're not making that argument. They're actually consenting to subject matter jurisdiction. Well, but how can there be jurisdiction in a diversity case if there is no diversity? It's a good question. I think it's a federal issue perhaps with the railroad. Yeah, but what is the federal issue? Well, there's privity, I think, with the railroad. But we don't get to that issue at all because the court never cut my client off at the knees. Yeah, you see, I just don't understand what's going on here because the court just throws it out. But I don't know what could be said or not said with respect to jurisdiction, with respect to whether this is a federal case, whether this is not. Counsel, if you were, if the court were to say remand in any degree here, if there were to be further proceedings in the district court, would your client be pro se again? Is he now represented by you, or are you just representing him at least for the moment for the purposes of appeal? Or could you just give us the lay of the land? He would be represented by counsel in the lower court. That's a very important answer. I'll just leave it at that. There is no case law to support the finding of the lower court to say we're going to freeze the proceedings and not develop any kind of record, really. A suicide decision, there's a lot of discretion there in some kinds of collateral estoppel cases, but the facts of Arizona, for example, or Frommer, or even the case of Delta do not apply, and they're highly distinguished. I'm sure the court read the records very clearly. We rest otherwise on our brief and reserve one minute for rebuttal. Thank you. Thank you, counsel. Mr. Salts. Thank you. May it please the court. Brian K. Salts, S-A-L-T-Z, from the MTA Legal Department. Forgetting about how the judge below did it, there are seven reasons that there should be no claim at all against the law. That may well be, but I'm concerned with whether the district court dismissing a correspondent without notice has left us in a situation where we don't know what's going on. You make a claim that there is no jurisdiction, and yet the decision below was with prejudice. Now, there's an inconsistency there. Is there not? Perhaps for that one point, but I raised seven points. Well, okay. So assuming that, I mean, I believe the court has the right to dismiss, should have dismissed saying there's no jurisdiction here because clearly there's no jurisdiction. But shouldn't the court accept perhaps in the most extraordinary of cases give notice that there will be dismissal unless you come in and say something? I mean, isn't that what our cases say? We just recently had a summary order of a most bizarre suit against the Obamas, and we sent it back because there was no notice. Okay. So if we're going to focus just on point one, which is jurisdiction, you send it back to the lower court to say ask them to show jurisdiction. I guess I could accept that, but there truly is nothing they could do because he's made it clear in his papers this is a wrongful death lawsuit. That's a state law claim. But if that is so, then the district court decides it in a different way. I mean, there is a difference, a fundamental difference, between deciding something with prejudice and without prejudice. If you decide it with prejudice, that's res judicata. They can't bring it anyplace else and so on. If you decide it without prejudice, then it says you can bring your state claim. Okay. So let's move on to the other point where the judge did look at the prior lawsuit. So I'll skip. So point one is jurisdiction. Point two is public authorities law. They didn't follow the procedures. That's clear. They have to argue that in their papers. Point three, he didn't show he received letters of administration, so he doesn't have the right to bring this lawsuit. But again, if that is so, then the dismissal should have been without prejudice. And so let's get into what the judge actually did, which is the res judicata and collateral estoppel. It looked at res judicata. And under res judicata, if that is what the court decided, despite the fact that there was no jurisdiction for two reasons, then it would have been with prejudice because if you're deciding res judicata. Now, res judicata is a positive defense, and we have said that sometimes you can dismiss sua sponte even when that is there. But when it's res judicata, there are more arguments that conceivably might be made. Now, I'm not saying that this guy has a single argument. I'm just saying that what procedure went on. So with regard to both res judicata and collateral estoppel, the judge looked at the prior lawsuit, which clearly was the same claims that he's sort of making here. First, he says wrongful death, but then he talks about all these things that happened in the prior lawsuit and claimed that prior lawsuit should not have been dismissed. That is something that there is nothing that this plaintiff could do under any circumstances to change the fact of the prior case that has already been decided on the exact same facts. I'm not saying that appropriately, after the appropriate procedure is held, that the court couldn't dismiss. I'm not saying that. I'm just asking whether the things which we have said again and again must be done before a court does that were done. The judge did everything other than not- Other than I've noticed. Other than not talking about that this is a wrongful death claim and you haven't followed the PAL. The judge looked at the prior lawsuit. This was the same lawsuit to give- The judge was in a hurry. District judges are in a hurry and they decide things in a hurry. Often they may be right, but we have said that there are some minimal things that they must do before they do them. I believe, and I believe the record shows, the judge did everything in this case that the judge needed to do by looking at the prior case, which is a public record. Thank you. Thank you, counsel. Mr. Rosenberg, you've been served. Very briefly, in addition to the notice issue and the prejudicial dismissal here, with prejudice, there was no development of the record as to really the other party, the United Transportation Workers Union. As this Court's aware, we have Wiley v. Weiss, the Second Circuit opinion from 2012, that, like many cases, identifies these four elements for finding collateral estoppel. Can you tell me what you might have said had you had notice? Had there been notice, we would have amended the complaint, certainly. You would have amended the complaint? We would have amended the complaint and then certainly thought to at least keep one of the parties in. I think this Court could carve out, if they were inclined by the residue to cut arguments, which we are not, but by our opposing colleague across the aisle here, at least the Transportation Union. How to say what to add wrongful death based on the same things you did already? There would have been diversity jurisdiction, which would have allowed wrongful death, as I understand it, within the federal courts, and it's a justiciable issue in the federal court, wrongful death, under certain conditions. In this case, I think it could have been a decision the Court would have been able to make, obviously, on the merits as to the Transportation Union. Okay. Thank you both. Thank you. We'll take the case under advisement. Thank you. The last case on the calendar for today is on submission, so that concludes our business for today. I'll ask the Court of Deputies to adjourn. The Court stands adjourned.